UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH A. WASKO, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:05-CV-0280 WL |
| KATHERINE STEVENS, Jail Commander, | ) |
| Defendant. | ) |

*OPINION AND ORDER*

Joseph Wasko, a prisoner confined at the Allen County Jail, submitted a complaint under 42 U.S.C. § 1983, alleging that custody officers at the jail denied him medical treatment for serious injuries. He states that he does not know the names of these officers, and names Captain Katherine Stevens, the Allen County Jail Commander, as the only defendant.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some

> person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Wasko brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

> The Seventh Circuit has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73, 104 S.Ct. 2229.

*Moore v. Speybroeck*, 74 F.Supp.2d 850, 852-53 (N.D. Ind. 1999).

Mr. Wasko asserts that he suffered serious injuries, including a broken wrist and open wounds, during his arrest. He alleges that when he arrived at the jail, custody officers ignored his injuries and refused to allow him to receive medical treatment. He states that

2

he does not know the names of the people who refused him medical treatment but that "a schedule of Allen County Correctional Officers who worked the 'lock-up' part of the jail on the date of 6-29-05 between the times of 1:00 a.m. and 7:00 p.m. would be suitable" for identifying the persons who neglected his injuries. (Complaint at p. 4). Mr. Wasko names Captain Stevens "because she is the commanding officer in this facility and also the custodial patron responsible for my wee being while at thes facility. All other officers act on her command, therefore she is responsible." (Complaint at p. 4).

Mr. Wasko seeks damages for ill treatment at the Allen County Jail while he was held there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Giving Mr. Wasko the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of

3

set of facts consistent with his claim against the custody officers who denied him treatment under the standards set forth in *Estelle v. Gamble*.

But the only person he names as a defendant is the jail commander, who he does not allege was one of the persons who denied him treatment. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). That Captain Stevens may be the chief custody officer at the jail does not make her responsible for the acts of her subordinates.

The allegations here are insufficient to assert liability by Captain Stevens. Nevertheless, in these circumstances, service may be made on a senior jail official for the purpose of identifying the actual names of proper defendants whose names the plaintiff does not know. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). Pursuant to 28 U.S.C. § 1915(d), the court will direct the Marshals Service to effect service of process on Captain Stevens for the sole purposed of allowing the plaintiff to conduct discovery to identify the persons who he believes actually violated his federally protected rights. After the expiration for the deadline for filing an amended complaint, the court will dismiss Captain Stevens if the plaintiff files no amended complaint or if the amended complaint does not allege any personal involvement by Captain Stevens.

For the foregoing reasons, the court:

(1) DIRECTS the United States Marshals Service to effect service of process on Captain Katherine Stevens;

(2) DIRECTS the clerk to ensure that a copy of this order is served on Captain Stevens along with the summons and complaint;

(3) ORDERS Captain Stevens to appear and respond to discovery;

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), WAIVES Captain Stevens's obligation to file an answer to this complaint;

(5) DIRECTS the clerk to mail a 42 U.S.C. § 1983 Prisoner Complaint packet to the plaintiff along with a copy of this order; and

(6) ENTERS the following scheduling order, which, pursuant to Federal Rule of Civil Procedure 16(b), shall not be modified except upon a showing of good cause: all discovery shall be initiated by December 1, 2005, and the plaintiff shall submit any amended complaint by February 1, 2006.

SO ORDERED.

ENTERED: September 7, 2005

                        S/William C. Lee
                        William C. Lee, Judge
                        United States District Court