UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH A. WASKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:05-CV-280-WCL |
| ) | |
| JAMES HERMAN, ALLEN COUNTY ) | |
| SHERIFF, ALLEN COUNTY JAIL ) | |
| COMMANDER, SUSAN MAY, ) | |
| DANIEL VREDENBURG, FRANCES ) | |
| HARRIS, BRENDEN FECHER, CHAD ) | |
| RAY, CHRIS MAGDICH, KELLY ) | |
| MOSS, CHARLENE GREEN, JOEL ) | |
| ELLERT, and MATT MILLER, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on the Defendants' November 21, 2006, motion to strike Plaintiff's interrogatories (DE # 78), seeking to strike the *pro se* Plaintiff's interrogatories served on the individual Defendants on October 27, 2006, and filed on November 6, 2006.

The *pro se* Plaintiff, Joseph Wasko, filed a response (DE # 79) on December 4, 2006, and no reply has been filed.

For the reasons provided in this Opinion and Order, the motion to strike will be GRANTED.

### II. BACKGROUND

This case, brought under 42 U.S.C. § 1983, began with Wasko being granted leave to file an initial complaint, eventually filed August 31, 2005, contending that Kathren Stevens was deliberately indifferent to Wasko's serious medical needs. Almost immediately, Wasko began

1

conducting extensive discovery because he had likely named the wrong person as the defendant. Indeed, the Court eventually appointed counsel for Wasko on November 29, 2005, for the limited purpose of conducting discovery so an amended complaint could be filed that would name the proper parties.

After months of more discovery under the supervision of Wasko's court-appointed counsel, a first amended complaint was filed on April 12, 2006, naming the Defendants as parties. Thereafter, another scheduling conference was held on May 3, 2006, and an agreed-to deadline of September 1, 2006, was set for discovery, with dispositive motions to be filed by October 2, 2006. After the scheduling conference, however, the only discovery that apparently was conducted was the deposition of Wasko on or about August 24, 2006. (DE # 60.)

The Defendants contend that the interrogatories filed by Wasko on November 6, 2006, should be stricken because the ample discovery period authorized by the Court closed on September 1, 2006. The Defendants also maintain that while Wasko could have submitted the interrogatories sooner, he waited until it was clear that the case would not settle before serving them on October 27, 2006, after the Defendants filed their timely motion for summary judgment on October 2, 2006.

Indeed, Wasko's filing of the interrogatories with the Court (DE # 67) recounts that although he was aware that discovery had closed, he thought the case would settle, and the late filing of his interrogatories was for proper preparation "now that the Defendant [sic] cannot agree on a reasonable settlement and wishes to file a [motion for] summary judgment." (Pl.'s Submittance of Interrogs. 1-2.)

In response to the present motion, Wasko contends that the interrogatories seek "vital information," are "<u>not</u> unreasonably cumulative" within the meaning of Federal Rule of Civil Procedure 26(b)(2)(C), and that the delay in serving them was due to his lack of understanding

2

of "all the Rules of Civil Procedure . . . [.]" (Pl.'s Resp. to Defs.' Mot. to Strike & Objection to Pl.'s Proposed Interrogs. 1 (emphasis in original).)

Nonetheless, at the same time that Wasko responded to the motion to strike on December 4, 2006, Wasko filed a 19 page response brief to the motion for summary judgment, along with 238 pages of exhibits.

### III. DISCUSSION

Under Rule 16(b) of the Federal Rules of Civil Procedure, a "schedule shall not be modified except upon a showing of good cause." *See* N.D. Ind. L.R. 16.1(i). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Eley v. Herman*, No. 1:04-CV-00416, 2006 WL 276741, at *2 (N.D. Ind. Feb. 2, 2006) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see also Briesacher v. AMG Res., Inc.*, No. 2:03 CV 331, 2005 WL 2105908, at *2 (N.D. Ind. Aug. 31, 2005); *Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997) ("[T]he rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action."); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *2 (N.D. Ind. Oct.20, 1997) (emphasizing that the good cause requirement of Rule 16(b) focuses on the diligence of the party seeking the modification).

In addition, just because Wasko is proceeding *pro se* does not mean he can ignore the procedural rules. *See Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975) (proceeding *pro se* is not a license to disregard the relevant rules of procedural and substantive law); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[Procedural] rules apply to uncounseled litigants and must be enforced.").

In this instance, Wasko served and filed his interrogatories well after the close of discovery and even after the Defendants filed their Motion for Summary Judgment. The only excuse offered for the gross delay is that he was "unfamiliar with all the Rules of Civil

Procedure," a rather cryptic remark that fails to tell the Court how this led him to conclude that he could file and serve interrogatories nearly three months late.[1]

Moreover, the record reveals that Wasko, either on his own or assisted by counsel, effectively had from October 26, 2005, to September 1, 2006, to conduct discovery. Based on this rather lengthy period of time, it would be difficult to suggest that even with due diligence, discovery could not have been conducted, and Wasko does not do so.

Finally, Wasko indicates that the reason he did serve the interrogatories earlier is because he thought the case would settle, but he offers no particulars, and he certainly does not suggest that counsel for the Defendants lulled him into believing they would settle. Therefore, Wasko fails to show good cause for an extension of discovery or that the Defendants should be required to answer his interrogatories.

Of course, the Court could construe Wasko's response as a request for an extension of time after the discovery deadline has passed, in which case he must "show excusable neglect for failing to comply with the discovery deadline." *Roach v. Pedigo Holdings, Inc.*, No. 104cv1746RLYTAB, 2005 WL 2253590, at *1 (S.D. Ind. Sept. 9, 2005) (citing *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459 (7th Cir. 2005)); *see also* Fed. R. Civ. P. 6(b)(2).

In determining what constitutes "excusable neglect," a trial court considers "all relevant circumstances surrounding the party's omission," such as the "danger of the prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Jones v. Dyer Nursing & Rehab. Ctr.*, No. 2:04cv508PRC, 2006 WL 1722361, at *2 (N.D. Ind. June 26, 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick*

---

[1] In fact, Wasko is no novice when it comes to civil litigation, having filed five other cases in this Court within the last seventeen months.

*Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Excusable neglect" can include "omissions through carelessness and mistake" and also "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* (citing *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 358 (7th Cir. 1997)).

      The Court sees nothing in the record to infer that Wasko failed to serve and file the interrogatories before the discovery deadline as a result of carelessness, mistake, negligence, or any other excusable neglect. In fact, since Wasko chose to wait before launching this latest discovery barrage to first see if the case would settle, his actions were more in the nature of a conscious choice. Furthermore, Wasko has filed the interrogatories after the filing of the motion for summary judgment; therefore, the Defendants undoubtedly would be prejudiced if they were now required to go back and respond to these ten sets of new interrogatories.

      Finally, the Court liberally construes Wasko's filing as an attempt to do discovery in response to the pending motion for summary judgment. In that regard, Rule 56(f) provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. Fed. R. Civ. P. 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996). "Rule 56(f) is intended as a safeguard against a premature grant of summary judgment . . . ; thus we should construe the rule liberally and not find violations on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994).

      The Seventh Circuit requires a party seeking the protection of Rule 56(f) to make a good faith showing that he cannot respond to the movant's affidavits. *Kalis v. Colgate-Palmolive*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002). This requires the filing of an affidavit by the non-movant, articulating the reasons why he is unable to submit the necessary material to the court.

*Deere & Company*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.  The non-movant must also identify the material facts that he anticipates discovering. *See Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance); *Neal*, 2002 WL 32144315, at *1. Additionally, a plaintiff must show that he has not been dilatory in pursuing discovery.[2] *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.

Against this backdrop it is obvious that Wasko's discovery salvo comes too late. He has offered no affidavit concerning why he could not get the information before, or even what material information he hopes to uncover. Finally, as catalogued earlier and despite ten months in which to do so, Wasko has simply been dilatory in pursuing the discovery he now wishes to obtain.

Accordingly, the Court will grant the motion to strike and will show the interrogatories stricken.

---

[2] Relevant factors to consider include:
(1) the length of the pendency of the case prior to the Rule 56(f) request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff.

*Neal*, 2002 WL 32144315, at *2 (quoting *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp 332, 344 (N.D. Ill. 1997)).

## IV. CONCLUSION

The court **GRANTS** Defendants' motion to strike (DE # 78), and the interrogatories (DE ## 68-77) are hereby stricken.

**SO ORDERED:** December 19, 2006.

S/Roger B. Cosbey
**ROGER B. COSBEY**
**UNITED STATES MAGISTRATE JUDGE**